UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PHILLIP JONES MILLER, <br><br> Plaintiff, <br><br> v. <br><br> GC SERVICES LIMITED PARTNERSHIP, <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 1:16-cv-08740 <br><br> DEMAND FOR JURY TRIAL |

COMPLAINT FOR RELIEF PURSUANT
TO THE FAIR DEBT COLLECTION PRACTICES ACT
AND THE TELEPHONE CONSUMER PROTECTION ACT

NOW comes PHILLIP JONES MILLER ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining of GC SERVICES LIMITED PARTNERSHIP ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, et seq. and the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

4. Plaintiff is a 44 year old natural person residing at 606 N. Trumbull Avenue, 2nd Floor, Chicago, Illinois, which lies within the Northern District of Illinois.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

6. Plaintiff is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

7. Defendant boasts, "GC Services is the largest private collection agency in the United States, with domestic ownership and extensive experience on third party collection programs. Since GC Services' inception in 1957, we have been dedicated to a customized operational approach for each and every collection program, which results in superior performance and proven expertise." With a principal office located at 6330 Gulfton, Suite 303, Houston, Texas, Defendant in the business of collecting consumer debts for others.

8. Defendant is registered to conduct business with the Illinois Secretary of State under file number 04054598 and collects consumer debts in Illinois.

9. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

10. On its website and correspondences, GC Services identifies itself as a debt collector and has been a member of the Association of Credit and Collection Professionals since 1985.[1]

---

[1] http://www.acainternational.org/memberdirectory.aspx.

## **FACTS SUPPORTING CAUSES OF ACTION**

11. At various points in 2016, Plaintiff has received phone calls from Defendant to his cellular phone. Plaintiff's cellular phone number is (773) XXX-6743. *See* attached Exhibit A is a true and correct copy of an affidavit signed by Plaintiff.

12. The majority of the phone calls to Plaintiff's cellular phone have come from (773) 295-6699. *See* Exhibit A.

13. Upon information and belief, the above is a phone number utilized by Defendant during its debt collection activities. Defendant has contacted Plaintiff's cellular phone with the purpose of collecting on consumer debt.

14. On Defendant's phone calls to Plaintiff it has asked to speak with an individual named Stanley DeVito.[2] *Id.*

15. Plaintiff has informed Defendant that he does not know any individual named Stanley DeVito. *Id.*

16. Plaintiff has instructed Defendant to stop calling his cellular phone. *Id.*

17. Defendant has not complied Plaintiff's demand and continued to contact him. Most recently, Defendant called Plaintiff's cellular phone on August 31, 2016. *Id.*

18. When Plaintiff has answered phone calls from Defendant, he experiences a brief pause before speaking with a live representative. *Id.*

19. Plaintiff has received not less than 10 phone calls from Defendant.

20. Concerned over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights.

---

[2] Plaintiff is unsure of the proper spelling of Stanley DeVito's name.

3

21. Plaintiff suffers from high blood-pressure. Defendant's conduct has served to increase his stress level resulting in the necessity for increased medication.

22. Plaintiff has suffered financial loss as a result of Defendant's actions.

23. Plaintiff has incurred expenses that he would not have otherwise incurred if not for Defendant's calls, including the loss of cellular phone capacity.

24. Plaintiff has been unfairly harassed by Defendant's actions.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff repeats and realleges paragraphs 1 through 24 as though fully set forth herein.

26. The FDCPA states:

> "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d.

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f.

27. Defendant violated 15 U.S.C. §§1692b(3), c(a)(1), d and f during its communications towards Plaintiff. As an experience and sophisticated debt collector, Defendant knows that it is limited in the communications it can have with third-parties. Defendant was seeking to collect on a consumer debt of an individual named Stanely DeVito. It had more than enough information to know that the number it was calling did not belong to Stanely Devito. Similarly, it was aware that Plaintiff had no relationship with this individual. Armed with this knowledge, it continued to call Plaintiff's cellular phone. Defendant hoped that its continued contacts with Plaintiff would coerce him into making payment in order to avoid further calls. Plaintiff was unfairly harassed by Defendant's actions.

28. As plead in paragraphs 20 through 24, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, PHILLIP JONES MILLER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

   b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

   c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

   d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

   e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

29. Plaintiff repeats and realleges paragraphs 1 through 28 as though fully set forth herein.

30. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

31. Defendant used an ATDS in connection with it communications directed towards Plaintiff's cellular phone. The pause that Plaintiff experienced during answered calls before being connected to a live representative of Defendant is instructive that an ATDS was being utilized to generate the phone calls.

32. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without his consent. Plaintiff had no relationship with Defendant of any kind and therefore could not have given consent for it to contact him on his cellular phone.

33. The calls placed by Defendant to Plaintiff were regarding business solicitation and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

34. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, PHILLIP JONES MILLER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: September 7, 2016                         Respectfully submitted,

                                                 s/ Nathan C. Volheim
                                                 Nathan C. Volheim, Esq. #6302103
                                                 Counsel for Plaintiff
                                                 Admitted in the Northern District of Illinois
                                                 Sulaiman Law Group, Ltd.
                                                 900 Jorie Boulevard, Suite 150
                                                 Oak Brook, Illinois 60523
                                                 (630) 575-8181 x113 (phone)
                                                 (630) 575-8188 (fax)
                                                 nvolheim@sulaimanlaw.com